IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN M. LEATO; and
LAURINA T. LEATO                                                                PLAINTIFF

                    v.                    Civil No. 5:19-cv-05015

MONEYGRAM INTERNATIONAL, INC.                                        DEFENDANT

## OPINION AND ORDER

John and Laurina Leato have filed this lawsuit under the diversity of citizenship statute, 28 U.S.C. § 1332. They proceed *pro se* and have sought leave to proceed *in forma pauperis* ("IFP"). The Plaintiffs have named as a Defendant Moneygram International, Inc. ("Moneygram"). Moneygram is incorporated in Delaware and its principal place of business is in Texas. The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

## BACKGROUND

According to the allegations of the Complaint and attachments thereto, Moneygram is liable to the Plaintiffs for thirty-four fraud induced wire transfers dated from March 28, 2008, to October 12, 2008, totaling $47,475; four fraud induced wire transfers dated from January 28, 2010, to August 16, 2011, totaling $16,358.93; and twelve fraud induced money orders dated March 3, 2008, in the amount of $520.35 each totaling $6,244.20. The total of the wire transfers and money orders is $70,078.13.

Plaintiffs allege they have been financially destroyed and on October 31, 2017, had to file Chapter 7 bankruptcy. They also indicate they are victims of identity theft. Plaintiffs allege they listed Moneygram on their "debtors list of valid claims" for $70,078.13 plus damages in the

amount of $30,000,000. Plaintiffs contend they have been given the run-around by Moneygram with "all other class action efforts."

Plaintiffs allege Moneygram has violated the Deceptive Practices Acts of all fifty states, the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank").

Exhibit H to the Complaint indicates that on November 8, 2018, the Federal Trade Commission announced that it and the Department of Justice had reached a settlement in the amount of $125 million with Moneygram to give money back to people who used the transfer services to pay scammers. The announcement further states that the Justice Department will return the forfeited funds to the victims of the fraud through its Victim Asset Recovery Program.

## DISCUSSION

The Court is obligated to screen an IFP case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**(1). Illinois Consumer Fraud and Deceptive Business Practices Act**

The Consumer Fraud Act makes the use of deceptive trade practices unlawful including

causing the "likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." 815 Ill. Comp. Stat. § 510/2. The Consumer Fraud Act provides a cause of action to "any person who suffers actual damages as a result of a violation of this Act." 815 Ill. Comp. Stat. § 505/10a(a).[1]

Private causes of action under the Consumer Fraud Act are subject to a three-year statute of limitations. 815 Ill. Comp. Stat. 505/10a(e). The cause of action accrues "when the plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Chicago Faucet Shoppe, Inc. v. Nestle Waters North America, Inc.*, 24 F. Supp. 3d 750, 757 (N.D. Ill. 2014)(applying Illinois law)(citation and internal quotation marks omitted).

The date of the last fraudulent act identified by the Plaintiffs is August 16, 2011. The case was filed on January 28, 2019, more than three years after the last fraudulent act. With respect to when the Plaintiffs knew or reasonably should have known of the injury and that it was wrongfully caused, the Plaintiffs' Exhibit 1, a transaction report, shows that by no later than June 26, 2013, they were aware that the money they had allegedly transferred via Moneygram was not received by the designated parties. The statute of limitations bars the Plaintiffs' claims under the Consumer Fraud Act.

This claim is subject to dismissal.

**(2). Arkansas Deceptive Trade Practices Act**

The Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101 *et*

---

[1] Certain provisions of § 505/10a were held to be unconstitutional. The provisions, however, dealt with the handling of claims involving automobile dealers. *See Allen v. Woodfield Chevrolet, Inc.*, 773 N.E.2d 1145 (Ill. App. 2002).

*seq.*, makes it unlawful to engage in any "unconscionable, false, or deceptive act or practice in business, commerce or trade." Ark. Code Ann. § 4-88-107(a)(10). Enforcement rests largely with the Attorney General, Ark. Code Ann. § 4-88-113(a)-(e).

However, the ADTPA does provide "a private right of action to 'any person' who suffers actual damage or injury as a result of a violation of the Act." *Crutchfield v. Tyson Foods, Inc.*, 514 S.W.3d 499, 503 (Ark. App. 2017); Ark. Code Ann. § 4-88-113(f). Claims are subject to a five-year statute of limitations. Ark. Code Ann. § 4-88-115. The statute of limitations commences on the "date of the occurrence of the violation or the date upon which the cause of action arises." Although fraud can toll or suspend the statute of limitations, "the suspension remains in effect only until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Bank of America, N.A. v. JB Hanna, LLC*, 766 F.3d 841, 855 (8th Cir. 2014)(applying Arkansas law).

Clearly absent suspension of the statute of limitations, this case would be barred. The case was filed on January 28, 2019, more than five years after the last fraudulent act. As discussed above, the statute of limitations began to run no later than 2013. With respect to when the Plaintiffs discovered or should have discovered the fraud, the Plaintiffs' Exhibit 1, a transaction report, shows that no later than June 26, 2013, they were aware that the money they had allegedly transferred via Moneygram was not received by the designated parties. The statute of limitations bars the Plaintiffs' claims under the ADTPA.

This claim is subject to dismissal.

**(3). Dodd-Frank**

Dodd-Frank authorizes the Consumer Financial Protection Bureau ("CFPB) to prevent

"unfair, deceptive, or abusive act[s] or practice[s] . . . in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531(a). It also makes it unlawful for a "covered person or service provider" . . . to engage in unfair, deceptive, or abusive act[s] or practice[s]." 12 U.S.C. § 5536(a)(1)(B). Authority to litigate violations of the consumer protection provisions is left to the CFPB. 12 U.S.C § 5564(a). *See also Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015). Thus, Plaintiffs have no cause of action that may be asserted in this Court under Dodd-Frank.

This claim is subject to dismissal.

## CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal on the grounds they are frivolous, fail to state claims upon which relief may be granted, or are barred by the statute of limitations. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.

The IFP motions (ECF Nos. 2 & 6) are **DENIED AS MOOT.**

IT IS SO ORDERED this 28th day of February 2019.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE